# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Efrain Escoto, Plaintiff

v.

Great Lakes Paving & Construction, Inc. and Cesar Sanchez, individually, Defendants

## COMPLAINT

Efrain Escoto ("Plaintiff"), pursuant to 29 U.S.C. § 201 et seq., the Fair Labor Standards Act ("FLSA"); 820 ILCS § 105/1 *et seq.*, the Illinois Minimum Wage Law ("IMWL"); and 820 ILCS §130/0.01 *et seq.*, the Illinois Prevailing Wage Act ("IPWA") complains against Great Lakes Paving & Construction, Inc. and Cesar Sanchez, individually (collectively, "Defendants"), and states:

## Introduction

1. Overtime and minimum wages are required by the FLSA, IMWL, and IPWA.

2. This action seeks redress for Defendants' failure to pay Plaintiff earned prevailing and overtime wages.

3. Plaintiff is a former employee of the Defendants' and was not paid his earned prevailing and overtime wages.

## Jurisdiction and Venue

4. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiff's FLSA claims.

5. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiff's state claims.

6. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## Facts

7. Defendants own and operate Great Lakes Paving & Construction, Inc. located at 15735 Clifton Park Avenue, Markham, Illinois within the three years preceding the filing of this complaint.

8. Mr. Sanchez resides in and is domiciled in this judicial district.

9. Mr. Sanchez is the owner of Great Lakes Paving & Construction, Inc. and is involved in the day-to-day business operations of Great Lakes Paving & Construction, Inc. and has the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

10. Great Lakes Paving & Construction, Inc. is an enterprise under 29 U.S.C. § 203(r)(1).

11. Great Lakes Paving & Construction, Inc. is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Great Lakes Paving & Construction, Inc. had annual gross sales of $500,000.00 or more during the last three years.

13. Defendants were Plaintiff's employer as defined by the FLSA, IMWL, and IPWA.

14. Plaintiff was Defendants' employee as defined by the FLSA, IMWL, and IPWA.

15. Plaintiff was employed by Defendants in Cook County, which is in this judicial district.

16. Plaintiff worked for Defendants from October 2014 to December 2014 and June 2015 to December 2015.

17. Plaintiff worked as a street painter for the Defendants.

18. Plaintiff painted—or striped—lanes and signs on public streets, roads, and highways while employed by the Defendants.

19. Defendants paid Plaintiff in cash throughout his employment.

## COUNT I: FLSA Overtime Wage Violation

20. Plaintiff incorporates all paragraphs above as if fully restated below.

21. Plaintiff's notice of consent to become party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

22. Plaintiff was directed by Defendants to work more than forty (40) hours per week.

23. Throughout the course of Plaintiff's employment with Defendant, Plaintiff worked more than forty (40) hours weekly in one or more individual work weeks.

24. Defendants did not pay Plaintiff overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

25. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

26. Plaintiff is not exempt from the overtime provisions of the FLSA.

27. Defendants' failure to pay overtime violated the FLSA.

28. Defendants' FLSA violation was willful.

29. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff over forty (40) hours in individual work weeks;

B. Award liquidated damages in an amount equal to the amount of unpaid minimum and overtime wages;

C. Declare Defendants to be in violation of the FLSA;

D. Enjoin Defendants from violating the FLSA;

E. Award reasonable attorneys' fees and costs; and

F. Grant such additional or alternative relief as this Court deems just and proper.

## COUNT II: IMWL Overtime Wage Violation

30. Plaintiff incorporates all paragraphs above as if fully restated below.

31. This Count arises from Defendants' failure to pay its employees all earned overtime wages in violation of the IMWL.

32. The IMWL requires that employers pay each employee one and one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours per week.

33. Defendants directed Plaintiff to work more than forty (40) hours in individual work weeks.

34. Plaintiff worked more than forty (40) hours in individual work weeks.

35. Defendants did not pay earned overtime wages to the Plaintiff.

36. Plaintiff was not exempt from overtime wages.

37. Defendants violated the IMWL by failing to compensate Plaintiff consistent with the IMWL's overtime wage provisions.

38. Defendants violated the IMWL by failing to pay Plaintiff overtime wages for all hours worked in individual work weeks.

39. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs under the IMWL;

B. Award Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

**COUNT III: Illinois Prevailing Wage Act Violation**

40. Plaintiff incorporates all paragraphs above as if fully restated below.

41. This count arises from Defendants' violation of the IPWA, for Defendants' failure to pay all earned prevailing wages to Plaintiff.

42. The purpose of the IPWA is to ensure that all laborers and drivers employed by or on behalf of any and all public bodies engaged in public works (state-funded construction projects) are paid a wage of no less than the general prevailing hourly rate as paid for work of a similar character in the locality in which the work is performed.

43. A public body includes any institution supported in whole or in part by public funds.

44. Defendants were supported by funds made available by or through the state for projects requiring the painting of streets, roads, and highways throughout the state of Illinois.

45. Plaintiff, while employed by Defendants, performed work on public works, as that term is defined by the IPWA, 820 ILCS §130/2.

46. For the hours Plaintiff worked on public works, Defendants paid Plaintiff less than the general prevailing rate of hourly wages for work of a similar character in the locality in which the work was performed.

47. Plaintiffs were directly employed by Defendants who were contractors or subcontractors engaged in actual construction and were engaged in the painting of streets, roads, and highways throughout Illinois.

48. Defendants violated the IPWA by failing to compensate Plaintiff consistent with the IPWA's prevailing wage rate provisions.

49. Pursuant to 820 ILCS §130/11, laborers and drivers, such as Plaintiff, who are not compensated at the general prevailing rate of hourly wages, are entitled to recover the difference between

the wages paid and the prevailing rate of hourly wages, plus punitive damages in the amount of two percent per month of the amount of any penalty.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment against Defendants in the amount of all unpaid prevailing wages;

B. Award punitive damages in the amount of two percent per month of the amount of any penalty;

C. Declare that Defendants have violated the IPWA;

D. Enjoin Defendants from violating the IPWA;

E. Award reasonable attorneys' fees and costs of this action as provided by the IPWA; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT IV: FLSA Minimum Wage Violation

50. Plaintiff incorporates all paragraphs above as if fully restated below.

51. Plaintiff's notice of consent to become party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

52. The FLSA requires employers, including Defendants, to pay at least the minimum wage to their employees, unless their employees are exempt.

53. Defendants did not pay Plaintiff at least the minimum prevailing wage for all hours worked in one or more workweeks during the prior three (3) years.

54. Defendants' failure to pay minimum prevailing wages violated the FLSA.

55. Defendants violated the FLSA by refusing to compensate Plaintiff consistent with the minimum wage provisions of the FLSA.

56. Plaintiff is entitled to recover unpaid minimum prevailing wages because Defendants' failed to pay at least the minimum prevailing wage.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. A judgment in the amount of the difference between the mandated minimum wage rate and the hourly wage paid to Plaintiff;

B. Award liquidated damages in an amount equal to unpaid overtime wages;

C. Declare Defendants to be in violation of the FLSA;

D. Enjoin Defendants from violating the FLSA;

E. Award reasonable attorneys' fees and costs; and

F. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT V: IMWL Minimum Wage Violation

57. Plaintiff incorporates all paragraphs above as if fully restated below.

58. Plaintiff was not exempt from minimum wages.

59. This count arises from Defendants' violations of the IMWL, for their failure to pay minimum prevailing wages to Plaintiff while working at Defendants' business.

60. Defendants violated the IMWL by failing to compensate Plaintiff consistent with the IMWL's minimum wage provisions.

61. Plaintiff was not exempt from the minimum wages provisions of the IMWL.

62. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid minimum wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of minimum prevailing wages due to Plaintiff under the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted on Friday, March 10, 2017.

_____
**Bryan Pacheco**
*Counsel for the Plaintiff*

Consumer Law Group, LLC
6232 North Pulaski Road
Suite 200
Chicago, Illinois 60646
312-878-1263
bpacheco@yourclg.com